UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRANDYN BRETT PHILLIPS,<br>a/k/a Brett Alan Delaney,<br><br>        Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA, and<br>MINNESOTA DEPT. OF CORRECTIONS,<br><br>        Respondents. | Civil No. 08-6295 (JRT/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions. 28 U.S.C. § 2244(d). The Court will therefore recommend that this action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 2002, Petitioner entered a guilty plea in the state district court for Hennepin County, Minnesota, to a charge of "prohibited person in possession of a firearm." (Petition, p. 1, ¶s 1, 2, 4, 5.) He was sentenced to 36 months in prison. (Id., ¶ 3.) Petitioner is

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

currently incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota.[2]

Petitioner did not file a direct appeal following his conviction and sentence. (Id., ¶ 8.) Indeed, he readily acknowledges that he has never challenged the conviction and sentence at issue here in any prior court proceeding. (Petition, p. 2, ¶ 10; p. 5, ¶ 13.)

Petitioner's current federal habeas corpus petition was filed on December 9, 2008. The petition lists four grounds for relief, which Petitioner has identified as follows: (1) "Conviction obtained by a plea of guilty which was unlawfully induced and not made voluntarily;" (2) "Conviction is in violation of state and federal laws;" (3) "Denial of effective assistance of counsel;" and (4) "Denial of right of appeal." (Petition, pp. 4-5, ¶ 12.) None of Petitioner's claims can be addressed on the merits, however, because this action is time-barred by the one-year statute of limitations that applies to federal habeas corpus petitions.

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which was enacted in 1996, effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a

---

[2] It appears that Petitioner has already fully served the 36-month sentence he received in 2002 for the conviction that he is challenging in this action. A website maintained by the Minnesota Department of Corrections, (www.corr.state.mn.us), indicates that Petitioner is not currently serving his sentence for his 2002 conviction, but rather, he is now serving a sentence imposed in 2008 in Cook County, Minnesota, (for criminal sexual conduct). If Petitioner is not currently in custody for the conviction and sentence at issue in this case, then he cannot seek federal habeas review of that conviction and sentence. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (federal habeas statute requires that "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). However, it is not necessary to determine whether Petitioner is, in fact, currently in custody for the conviction that he is now contesting, because this action must be dismissed, in any event, due to untimeliness.

conviction or sentence.  This statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right, or any new evidence that only recently became discoverable. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner is challenging a judgment of conviction and sentence entered on October

7, 2002. (Petition, p. 1, ¶ 2.) Because Petitioner did not pursue a direct appeal, the judgment became final, for statute of limitations purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was January 5, 2003, (90 days after judgment was entered), and that is the date when the one-year federal habeas statute of limitations began to run in this case. The statute of limitations expired one year later, on January 5, 2004.

Petitioner did not file his current petition until December 9, 2008, which was nearly five years after the statute of limitations expired. Therefore, this action is clearly time-barred.

The tolling provisions of § 2244(d)(2) cannot save this case from being time-barred, because Petitioner never pursued post-conviction relief in the state courts. (Petition, p. 2, ¶ 10.) The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship

4

supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not shown that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner. He alleges that he "[t]he appellant defender's office refused all requests to appeal." (Petition, p. 5, ¶ 13.) This vague assertion, however, is clearly not sufficient to allow equitable tolling. Our Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), cert denied, 539 U.S. 933 (2003); Kreutzer, 231 F.3d at 463 ("counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"), cert. denied, 549 U.S. 846 (2006); Preston v. State, No. 99-3261 (8th Cir. 2000) (per curiam), 2000 WL 995013 at *1 (affirming district court's determination that petitioner's "inability to timely obtain transcripts from a former attorney 'did not come near' to constituting the required showing of extraordinary circumstances" needed for equitable tolling) (unpublished opinion); Greene v. Washington,

14 Fed.Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Thus, the Court can find no proper grounds for equitable tolling in this case.

## III. CONCLUSION

In sum, the statute of limitations deadline for seeking federal habeas corpus relief expired in this case on January 5, 2004, but Petitioner did not file his current petition until December of 2008 – nearly five years after the statute of limitations deadline expired. Furthermore, the statute has not been tolled by either 28 U.S.C. § 2244(d)(2) or the doctrine of equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is untimely, and that this action must be summarily dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).[3]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

---

[3] Even if this action were timely, it would still have to be dismissed, because none of Petitioner's current claims has ever been presented to any Minnesota state court, and he has therefore failed to exhaust his state court remedies, as required by 28 U.S.C. § 2254(b). See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) ("when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief"). However, this case will not be dismissed for non-exhaustion, because that might suggest to Petitioner that he could return to federal court after exhausting his state court remedies. Here, even if Petitioner were to exhaust his state court remedies, he could not return to federal court with a new habeas petition, because his claims would still be barred by the statute of limitations. For this reason, it is recommended that this action be dismissed with prejudice.

and

    2.  This action be DISMISSED WITH PREJUDICE.

Dated: December 12, 2008

                                                    s/ Arthur J. Boylan  
                                                    ARTHUR J. BOYLAN  
                                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 30, 2008.